1  Ira S. Greene (*pro hac vice*)
2  ira.greene@lockelord.com
   LOCKE LORD LLP
3  200 Vesey Street
4  New York, New York 10281
   Telephone: 212-912-2880
5
6  Jamie M. Cheng (298750)
   jamie.cheng@lockelord.com
7  LOCKE LORD LLP
8  300 South Grand Avenue, Suite 2600
   Los Angeles, CA  90071
9  Telephone:  213-485-1500

10 F. Phillip Hosp (265225)
11 phosp@foley.com
   FOLEY & LARDNER LLP
12 555 South Flower Street, Suite 3300
13 Los Angeles, CA 90071
   Telephone: 213-972-4500
14
   Attorneys for Plaintiff
15 Pacific Recovery Partners, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC RECOVERY PARTNERS, LLC <br><br> Plaintiff, <br><br> vs. <br><br> DAVID T. SMITH <br><br> Defendant. | Case No. 2:18-cv-06270-CAS-AGRx <br><br> **[~~PROPOSED~~] ORDER RE INJUNCTION, ASSIGNMENT, AND DISMISSAL OF REMAINING ACTION** <br><br> The Honorable Christina A. Snyder <br><br> Discovery cut-off: Not set <br> Motion cut-off: Not set <br> Pre-trial conference: Not set <br> Trial date: Not set |

71704371v.2

Having considered the stipulation between Plaintiff Pacific Recovery Partners, LLC ("**Plaintiff**") and Defendant David T. Smith ("**Defendant**" or "**Smith**"), and for good cause appearing, the Court hereby orders as follows:

1. The following additional definitions shall apply to the Orders set forth herein:

    (a) "**Judgment**" shall mean that certain judgment in favor of Holbrook Properties, Inc., JRM Interim Investors, LP, Muse Children's GS Trust, Muse Family Enterprises, Ltd., Oak Stream Investors II, Ltd., Strongback Holdings, Limited (f/k/a Strongback Holdings), TTM Note Holdco, LLC, and Wood Luxembourg Properties, Sarl, and against Defendant and his alter ego, BTM Funding, Inc., in the principal amount of $21,061,219.19 entered by the Superior Court of the State of California for the County of Los Angeles on January 25, 2013.

    (b) "**Other Fraudulent Transfer Defendants**" shall mean the named defendants in the related action captioned *Pacific Recovery Partners, LLC v. David T. Smith, et al.*, Case No. 2:18-cv-06291-CAS (the "**Fraudulent Transfer Action**"), other than David Smith, and specifically are (i) Swisspartners Marcuard Heritage AG; (ii) Swisspartners Group; (iii) Fiduciary Administrative Services (Pacific) Ltd., individually and as Trustee for the Cicladian Trust; (iv) Christian Walter Rockstroh; (v) Christ Johann Collenberg; (vi) Martin Egli; (vii) Randall K. Barton; (viii) Gordon Spinks; (ix) Douglas P. Preudhomme; (x) Andrew R. Lamb; (xi) Ebsworth Holding & Finance Ltd.; (xii) Mark Holding & Finance Ltd.; (xiii) SPWM Management Limited; and (xiv) AMF Investments Limited.

    (c) "**Other Trusts**" means all trusts and Entities (defined below) other than the Cicladian Trust that contain or received funds or assets transferred, directly or indirectly, by or for the benefit of Defendant since July 20, 2011, which were created or administered by, or with the help or participation of, any of the Other Fraudulent Transfer Defendants, acting jointly or separately. Trusts or Entities created or administered by, or with the help or participation of, Randall Barton shall be included

in the definition of "Other Trusts" only if one or more of the Other Fraudulent Transfer Defendants in addition to Mr. Barton were also involved in the creation or administration of such trusts or Entities or helped with or participated in such activities. For the avoidance of doubt, "Other Trusts" does not include the Marguerita Trust, the Highground Trust, or the Connie Trust. "Entities" shall mean any corporation, partnership, limited liability company or joint venture formed under the laws of the US or any other country that received or transferred, directly or indirectly, an asset, or an interest in an asset, traceable to the Cicladian Trust.

2. Defendant is enjoined from taking any action, directly or indirectly (including through any of his agents), that, to the best of his knowledge, will cause the disbursement or dissipation of the assets of the Cicladian Trust and the Other Trusts other than to satisfy the Judgment, unless and until the clerk of the Superior Court of the State of California for the County of Los Angeles enters satisfaction of the Judgment pursuant to California Civil Procedure Code Section 724.020 or any similar successor provision.

3. To the extent Defendant has any rights, title, or interests in or to the Cicladian Trust and the Other Trusts, his assignment of those rights, title, and interests to Plaintiff, subject to the terms and limitations set forth in the Assignment Agreement, is valid and enforceable for purposes of satisfying the Judgment, and any restrictions on transferability, including without limitation any "spendthrift" provisions, are void and unenforceable against Plaintiff.

4. With the exception of the issuance of the above Orders, the remainder of this action is hereby dismissed with prejudice with respect to the relief requested therein relating to the Cicladian Trust and the Other Trusts and without prejudice with respect to any alter ego claims and claims relating to other trusts and entities to which Smith's assets have been diverted or in which Smith has an interest. Nothing herein is intended to waive, or otherwise affect, Plaintiff's rights to pursue claims against

parties other than Smith, including claims against the Other Fraudulent Transfer Defendants in the Fraudulent Transfer Action.

5. Plaintiff and Defendant shall each bear their own respective attorneys' fees and costs incurred in connection with this action.

IT IS SO ORDERED.

Dated: September 5, 2019

By: *Christina A. Snyder*
Hon. Christina A. Snyder
United States District Court Judge